UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NEWELL, | ) | CASE NO. 1:24-cv-00042 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ANNETTE CHAMBERS-SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff's Motion for a Determination Pursuant to Fed. R. Civ. P. 11(b)(1), (2), & (3) ("Rule 11 Motion"). (ECF No. 7). Plaintiff contends that Defendants' counsel purposefully and maliciously made false statements in Defendants' motion to dismiss and reply in support of the motion to dismiss: namely, that Plaintiff: (i) had been sentenced to consecutive terms of imprisonment for crimes committed while on parole; and (ii) Plaintiff lost out on parole consideration because of prison misconduct. (*Id.* at PageID #103–04). Plaintiff requests that the Court find that Defendants' counsel violated Rule 11(b)(1), (b)(2), and (b)(3). (*Id.* at PageID #104). The Court construes Plaintiff's Rule 11 Motion as a motion for sanctions.

In their opposition brief, Defendants concede that Plaintiff is correct that he was never on parole or sentenced to crimes committed while on parole. (ECF No. 8, PageID #107). However, Defendants note that the record reflects Plaintiff was convicted for escape and possession of criminal tools and those felonies received a sentence that ran consecutive to his prior convictions in Case Nos. CR-040130 and CR-040174. (*Id.*). They argue that it is irrelevant whether Plaintiff's convictions for escape and possession of criminal tools are related to conduct occurring while on parole or during incarceration because it would have had an equal negative impact on the

1

considerations of the Parole Board; thus, there was no false assertion regarding the import of the escape and criminal tools convictions on Plaintiff's parole hearings.[1] (*Id.* at 107–08).

The district court is empowered to award sanctions for party or counsel misconduct even when it lacks subject matter jurisdiction to hear the case in which the request for sanctions is made, so long as the misconduct is collateral to the merits of the case. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (affirming award of sanctions after the plaintiff had voluntarily dismissed the case). "[An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Willy*, 503 U.S. at 138 (quoting *Cooter*, 496 U.S. at 395–96).

Fed. R. Civ. P. 11(b) provides that an attorney submitting a court filing to the Court represents, *inter alia*, that: (i) the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (ii) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (iii) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)–(3). Rule 11(c) provides the enforcement mechanism for Rule 11(b)'s requirements, and states that a court may impose sanctions on a party and his attorney.

---

[1] "In the present case, based on the allegations contained in the Complaint, it was reasonable to believe that Plaintiff's convictions for escape and possession of criminal tools were the result of the crimes he committed while in jail, while in prison, or while he was out on parole. Either way, they were among the possibilities the Parole Board had within its discretion to consider when determining whether Plaintiff was ready to be put on parole consistent with the safety of society." (ECF No. 8, PageID #109).

Rule 11(c)(1) gives the Court discretion to award sanctions, and Rule 11(c)(4) requires that any sanction the Court imposes is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Sixth Circuit does not permit district courts to use Rule 11 as a "general fee-shifting device." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992) (quoting Stephen B. Burbank, *Rule 11 in Transition: The Report of the Third Circuit Task Force on Federal Rule of Civil Procedure 11*, 12 (1989)). District courts are instead encouraged to consider "the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future." *Id.* (citations omitted).

Having considered the Rule 11 Motion, Defendants' response in opposition, and the record, the Court finds that the statements in Defendants' filings concerning Plaintiff's convictions for escape and possession of criminal tool: (i) did not violate Rule 11(b); (ii) did not prejudice Plaintiff or affect the Court's analysis of Defendants' motion to dismiss (ECF No. 3); and (iii) do not warrant sanctions, monetary or otherwise. Accordingly, Plaintiff's Rule 11 Motion (ECF No. 7) is **DENIED**.

 IT IS SO ORDERED.

Date: May 6, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**