UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NEWELL, | ) | CASE NO. 1:24-cv-00042 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ANNETTE CHAMBERS-SMITH, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Timothy Newell, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections; Roger Wilson, Deputy Director of the Ohio Adult Parole Authority & Community Services; and Lisa Hoying, Chair of the Ohio Parole Board, all in their official capacities. (ECF No. 1). Defendants have filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

I.  FACTUAL BACKGROUND

   A.  State Court Convictions

In 1978, Plaintiff was convicted of multiple counts of rape, kidnapping, aggravated robbery, gross sexual imposition, felonious penetration, and felonious assault in two separate criminal cases in the Cuyahoga County Court of Common Pleas (Case No. CR-040130 and Case No. CR-040174). (ECF No. 1, PageID #3; ECF No. 1-1, PageID #13–14; ECF No. 3, PageID #67). The trial court sentenced Plaintiff to a 15 to 150-year term of imprisonment in both cases,

each to be served consecutively to the other.[1] (ECF No. 1, PageID #3; ECF No. 1-1, PageID #13–14).

In 1979, Plaintiff was convicted on the charges of escape and possession of criminal tools in the Cuyahoga County Court of Common Pleas (Case No. CR-44231). (ECF No. 1, PageID #3–4; ECF No. 3, PageID #67). The trial court sentenced Plaintiff to a 2 to 5-year term of imprisonment to run consecutive to the sentences in Case Nos. CR-040130 and CR-040174. (ECF No. 1, PageID #4; ECF No. 3, PageID #67). In 1980, the Ohio Court of Appeals vacated Plaintiff's convictions for kidnapping and his sentence was reduced to a total prison term of 15 to 375 years. (ECF No. 1, PageID #3-4; ECF No. 1-1, PageID #24–28; ECF No. 3, PageID #67).

B. **Parole Eligibility Hearings**

In the instant complaint, Plaintiff alleges facts concerning his parole eligibility hearings as follows. The Ohio Adult Parole Authority's former Administrative Regulation 907, in effect at the time he committed his crimes, mandated that he would become eligible for parole after serving 38 months of his minimum sentence, plus his jail time credit of 7 months. (ECF No. 1, PageID #4). Defendants refused to schedule his initial parole eligibility hearing for May 1981, and instead extended his initial parole hearing for six years and four months, to October 1987. (*Id.*).

In October 1987, the Parole Board held a parole eligibility hearing, using its "Parole Board Matrix Chart," and placed him in a "Guideline A-3, which called for no more than one

---

[1] Although Plaintiff states that he was sentenced to the state reformatory, (ECF No. 1, PageID #3), the record establishes that Plaintiff was sentenced to a state penitentiary. *See Newell v. Mohr*, Case No. 89-3698, 1990 U.S. App. LEXIS 9726, at *1–2 (6th Cir. Jun. 14, 1990) ("At the sentencing hearing on these charges [in Case Nos. CR-040130 and CR-040174], the trial court agreed to sentence Newell to the reformatory, but cautioned him that if he was ineligible for a reformatory sentence, the Department of Corrections would not be bound by the order. Subsequently, the trial judge, having determined that Newell was in fact ineligible for a reformatory sentence, amended the sentencing order to reflect a sentence to the penitentiary.").

continuance." (*Id.* at PageID #5). Defendants continued Plaintiff for an additional five years and subsequently held continuance hearings in October 1992 and October 1997. (*Id.*).

The Parole Board revised its guidelines in 1998 and subsequently applied the new guidelines to Plaintiff's sentence, thereby requiring that Plaintiff serve a minimum sentence of 330 months (27.5 years) instead of his previous 15-year minimum. (*Id.* at PageID #5–6). The Parole Board held a continuance hearing in January 2003 and June 2008, continuing Plaintiff for five years each time. (*Id.* at PageID #6).

In March 2010, the Parole Board's prior guidelines were rescinded, and the Parole Board Chair at the time instructed the Parole Board to "give every inmate meaningful consideration for parole, exercising its discretionary releasing authority by utilizing the Ohio statutory and Administrative Code provisions, which have essentially remained unchanged since 1975." (*Id.*). Thereafter, the Parole Board held a continuance hearing for Plaintiff in April 2013, May 2018, and April 2023, with the Board continuing Plaintiff for another five years at each hearing. (*Id.*). In July 2023, Plaintiff requested reconsideration of the Parole Board's April 2023 decision, which the Parole Board denied. (*Id.* at PageID #7).

## II.    PROCEDURAL BACKGROUND

On January 8, 2024, Plaintiff filed the instant complaint. (ECF No. 1). Plaintiff asserts five claims for relief against Defendants as follows. First, Defendants' initial refusal to apply the parole eligibility guidelines in effect at the time of his conviction (Administrative Regulation 907) resulted in Plaintiff serving a "mandatory extended minimum sentence of 114 months (9.5 years)" and is a violation of his due process and equal protection rights. (*Id.* at PageID #8). Second, Defendants' removal of the distinction between reformatory prisoners and penitentiary prisoners in December 1988, and retroactive application to Plaintiff's sentence, is a violation of the Ex Post

Facto Clause. (*Id.*). Third, Plaintiff's continuance hearings held in October 1992, October 1997, January 2003, June 2008, April 2013, May 2018, and April 2023 were all conducted "in contravention of" Administrative Regulations 914 and 925, which effectively denied Plaintiff the right to earn a parole hearing and resulted in Defendants violating the Ex Post Facto Clause and Plaintiff's due process rights. (*Id.* at PageID #8–9). Fourth, Defendants' retroactive application of the revised parole eligibility guidelines in effect in 1998 required Plaintiff to serve a minimum sentence of 330 months (27.5 years) before parole eligibility, which constitutes a violation of the Ex Post Facto Clause and Plaintiff's due process rights. (*Id.* at PageID #9). Finally, Defendants' application of the mandatory factors outlined in Administrative Code 5120-1-1-07 (which did not exist in Administrative Regulation 911) to Plaintiff's parole eligibility hearing in April 2023 constitutes a violation of the Ex Post Facto Clause and Plaintiff's due process rights. (*Id.* at PageID #9–10).

On January 23, 2024, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). Defendants argue that Plaintiff's claims are subject to dismissal because: (i) all claims relating to Plaintiff's parole hearings before April 2023 are barred by the statute of limitations; (ii) Plaintiff failed to allege any personal involvement by Defendants; and (iii) Plaintiff failed to allege sufficient facts to state and maintain his Ex Post Facto, due process, and Equal Protection claims. (*Id.* at PageID #71–79). Plaintiff filed a memorandum in opposition, (ECF No. 5), and Defendants filed a reply in support, (ECF No. 6).

### III. STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

The Sixth Circuit has recognized that *pro se* pleadings are liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). It is well-settled that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). However, "the lenient treatment afforded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 915 F.2d 108, 110 (6th Cir. 1991). The Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims on a plaintiff's

5

behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

IV. **DISCUSSION**

    A. **The Statute of Limitations Bars the Claims for all Pre-April 2023 Hearings**

Plaintiff alleges that the Parole Board continuance hearings held in October 1987, October 1992, October 1997, January 2003, June 2006, April 2013, May 2018, and April 2023 violated the Ex Post Facto Clause, the Due Process Clause, and/or the Equal Protection Clause of the United States Constitution. (ECF No. 1, PageID #9–10). Defendants argue that all claims relating to Plaintiff's Parole Board hearings before April 2023 (the October 28, 1987; October 26, 1992; October 28, 1997; January 16, 2003; June 30, 2008; April 15, 2013; and May 7, 2018 hearings) are time-barred by the two-year statute of limitations for claims under § 1983. (ECF No. 3, PageID #71–72).

The statute of limitations for claims asserted under 42 U.S.C. §1983 "is the relevant state's statute of limitations for personal-injury torts." *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)); *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) ("The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought."). The Ohio statute of limitations for personal injury claims is two years. Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). A two-year statute of limitations therefore applies to all § 1983 claims in Ohio. *See Beaver St. Invs.*, 65 F.4th at 826; *Browning*, 869 F.2d at 992.

6

Plaintiff concedes that his claims are governed by the two-year statute of limitations but contends that all his claims, even those relating to the parole hearings before April 2023, are not time-barred because of the continuing violation doctrine. (ECF No. 5, PageID #87). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Bowden v. City of Franklin*, 13 F. App'x 266, 272 (6th Cir. 2001) ("While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law."). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (cleaned up). Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," courts usually determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." *Cooey*, 479 F.3d at 416 (citations omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391 (citation omitted). "In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Bowden*, 13 F. App'x at 273 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991); *Sevier*, 742 F.2d at 273).

The "continuing violation doctrine" provides an exception to the general rule and allows for tolling of the statute of limitations in limited circumstances when: (i) the defendants engage in continuing wrongful conduct; (ii) injury to the plaintiffs accrues continuously; and (iii) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided. *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009); (citation omitted); *see also Tolbert*

7

*v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 939 (6th Cir. 1999). The Sixth Circuit has recognized that the continuing violation doctrine is rarely applied to § 1983 actions and is most commonly applied in Title VII cases. *See Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003); *see also Howell v. Cox*, 758 F. App'x. 480, 485 (6th Cir. 2018) ("The continuing-violation doctrine rarely applies to § 1983 claims[.]"); *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257 (6th Cir. 2014) ("Courts have been extremely reluctant to extend the continuing-violation doctrine beyond the context of Title VII." (cleaned up)). "A continuing violation occurs over several incidents that are not themselves actionable; on the other hand, discrete events that are easily identifiable and separately actionable do not constitute a continuing violation." *Atkins v. Corr. Officer Russell Savoie*, No. 23-1046, 2023 U.S. App. LEXIS 15815, at *6-7 (6th Cir. June 22, 2023) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)).

The Court finds that the continuing violation doctrine inapplicable to the instant case. Plaintiff alleged that his constitutional rights were violated in eight discrete, easily identifiable events: his parole continuance hearings in October 1987, October 1992, October 1997, January 2003, June 2008, April 2013, May 2018, and April 2023. Plaintiff's § 1983 causes of action for each of these events were separately actionable and therefore cannot be considered a continuing violation. Plaintiff's constitutional claims relating to each individual hearing accrued on the date of each hearing and the statute of limitations lapsed two years later in each instance. Because Plaintiff filed the instant complaint on January 8, 2024, Plaintiff's claims relating to the parole continuance hearing in October 1987, October 1992, October 1997, January 2003, June 2008, April 2013, and May 2018 are all time-barred. Plaintiff's only timely claim concerns his parole continuance hearing in April 2023. Accordingly, all claims relating to the parole hearings before April 2023 are **DISMISSED WITH PREJUDICE**.

### B. Plaintiff Failed to State Plausible Ex Post Facto Claims

The complaint alleges that Defendants' use of the new parole guidelines and administrative regulations, which were put into effect after his sentence was initially imposed, during his various parole hearings violated the Ex Post Facto Clause. (ECF No. 1, PageID #8–10). The Court finds that Plaintiff failed to state a plausible claim under the Ex Post Facto Clause.

The Ex Post Facto Clause is "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995) (citations omitted); *Foster v. Booker*, 595 F.3d 353, 361–62 (6th Cir. 2010). "For a law to be considered ex post facto, 'it must apply to events occurring before its enactment,' and 'it must disadvantage the offender affected by it.'" *Mubashshir v. Bradshaw*, 525 F. App'x 346, 349 (6th Cir. 2013) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997). The relevant inquiry is whether the new guidelines present a significant risk of increasing the amount of time that the plaintiff was actually required to serve. *See Garner v. Jones*, 529 U.S. 244, 255, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000) ("When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.").

"The Sixth Circuit has made clear that cumulative changes in parole laws that have 'made it more difficult for a prisoner to secure release on parole' are insufficient to demonstrate an ex post facto violation." *McDermott v. Mohr*, No. 1:14-cv-1498, 2015 U.S. Dist. LEXIS 5673, at *7 (N.D. Ohio Jan. 15, 2015) (quoting *Foster*, 595 F.3d at 364) (alteration adopted). Moreover, "Ohio's internal parole guidelines are not 'laws' for ex post facto purposes because they do not

9

carry the weight of statutory authority and do not absolutely restrict the decisions of parole officials." *Harris v. Wilson*, No. 1:06 CV 2342, 2006 U.S. Dist. LEXIS 93081, at *22 (N.D. Ohio Dec. 26, 2006) (collecting cases). "Ohio courts . . . consistently rejected arguments that changes in Ohio's parole procedures constitute an ex post facto violation." *Mubashshir*, 525 F. App'x at 349 (collecting cases). They have also found that "[i]t is within the discretion of the Parole Authority to determine whether [a plaintiff] was suitable for parole based on the nature of his crime, regardless of what changes were made to the parole guidelines or when he had been sentenced". *Id.* (citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 2356 (6th Cir. 1991)).

Plaintiff has failed to demonstrate that the retroactive application of the various new parole guidelines during the April 2023 hearing, and all prior hearings, resulted in a longer period of incarceration than he would have served under the previous guidelines. Plaintiff has provided no allegations that the Parole Board would have released him sooner under the older guidelines. And any such allegations would amount to mere speculation. He has also failed to demonstrate that Defendants' consideration of mandatory factors outlined in Administrative Regulation 5120-1-1-07 increased the penalties for his crimes. Accordingly, Plaintiff has failed to state any plausible violations of the Ex Post Facto Clause and all such claims are **DISMISSED WITH PREJUDICE**.

    **C.**    **Plaintiff Failed to State Plausible Due Process Claims**

The complaint alleges that Defendants' application of the mandatory factors outlined in the new parole guidelines of Administrative Regulation 5120-1-1-07 during his April 2023 parole hearing, and the use of new, altered parole guidelines during his variouos parole hearings, was a violation of Plaintiff's right to due process. (ECF. No. 1, PageID #9–10). The Court finds that Plaintiff failed to state a plausible due process claim.

The Fourteenth Amendment states, "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. This clause has a procedural and a substantive component. *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Procedural due process requires "that the government provide a fair procedure when depriving someone of life, liberty, or property", while substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)). The threshold question of both a procedural and a substantive due process claim is whether Plaintiff has shown that a constitutionally protected property or liberty interest exists. *Id.* (citations omitted); *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (providing that a plaintiff bringing a § 1983 procedural due process claim "must show that the state deprived him or her of a constitutionally protected interest without due process of law).

The Sixth Circuit has recognized that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Nelson v. Ohio Parole Bd.*, No. 21-3397, 2022 U.S. App. LEXIS 92, at *2 (6th Cir. Jan. 3, 2022) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)) (internal quotation marks omitted). Although a state may establish a parole system, it has no duty to do so; the mere presence of a parole system by itself does not give rise to a constitutionally protected interest in parole release. *Greenholtz*, 442 U.S. at 7, 11. "Furthermore, the State of Ohio has not created a liberty interest in parole." *Nelson*, 2022 U.S. App. LEXIS 92, at *2 (citing *Bell v. Anderson*, 301 F. App'x 459, 461 (6th Cir. 2008); and *Inmate of Orient Corr. Isnt.*, 929 F.2 at 235); *see also Swihart*, 209 F. App'x at 458.

Plaintiff has no constitutionally protected liberty interest in parole that would trigger any protections under the Due Process Clause. Accordingly, he failed to state any plausible violations of the Due Process Clause and any such claims are **DISMISSED WITH PREJUDICE**.

### D. Plaintiff Failed to State Plausible Equal Protection Claims

The Equal Protection Clause of the Fourteenth Amendment provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the [state actor] treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quotation omitted); *see Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

In the complaint, Plaintiff does not identify any similarly situated person nor does he allege that any similarly situated person was treated more favorably than he was during his parole hearings. Instead, Plaintiff merely asserts the conclusory allegation that the Defendants' use of new parole guidelines and administrative regulations constituted a violation of his rights under the Equal Protection Clause. (*See* ECF No. 1, PageID #8). Thus, Plaintiff failed to state an equal protection claim.[2] *See Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (affirming dismissal of a complaint when the plaintiff failed to allege disparate treatment); *Bertovich v. Vill. of Valley View, Ohio*, 431 F. App'x 455, 458 (6th Cir. 2011) (same).

Accordingly, Plaintiff's equal protection claims are **DISMISSED WITH PREJUDICE**.

---

[2] Notably, there is no fundamental right to parole under the Constitution and prisoners are not a suspect class. *See Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (citations omitted). Plaintiff does not otherwise allege that he is a member of a suspect class or that his treatment was due to being a member of such a class.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF. No. 3) is **GRANTED**. Plaintiff's claims relating to the parole hearings before April 2023 are time-barred and **DISMISSED WITH PREJUDICE**. All other claims, which relate to the April 2023 parole hearing, are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED.**

Date:  May 6, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**