UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NEWELL, | ) | CASE NO. 1:24-cv-00042 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ANNETTE CHAMBERS-SMITH, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Timothy Newell, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections; Roger Wilson, Deputy Director of the Ohio Adult Parole Authority & Community Services; and Lisa Hoying, Chair of the Ohio Parole Board, all in their official capacities. (ECF No. 1). Defendants moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). On May 6, 2024, the Court granted Defendants' motion to dismiss and dismissed all claims as time-barred or for failure to state a claim. (ECF No. 11). Plaintiff now timely moves this Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e). (ECF No. 13).

I. **STANDARD OF REVIEW**

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." "A motion to alter or amend under Rule 59(e) is extraordinary and is seldom granted, because it contradicts notions of finality and repose." *LeTtieri v. Ne. Ohio Corr. Ctr.*, No. 4:23-cv-2172, 2024 U.S. Dist. LEXIS 4880, at *3 (N.D. Ohio Jan. 10, 2024) (internal quotation marks and citation omitted). Amending or altering a judgment

1

is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 847 (S.D. Ohio 2007) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). However, a motion under Rule 59(e) is an improper vehicle to reargue a case or relitigate matters that should have been raised before entry of judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

A party moving to alter or amend a judgment based on a "clear error of law" is held to a high standard. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). To alter or amend its judgment under Rule 59(e), the Court must find that it wholesale disregarded, misapplied, or failed to recognize controlling precedent. *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (6th Cir. 2000)). In other words, "a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* (quoting *H & A Land Corp. v. City of Kennedale*, No. 4:02-CV-458, 2005 U.S. Dist. LEXIS 25797, 2005 WL 6803499, at *2 (N.D. Tex. Oct. 24, 2005)).

## II. DISCUSSION

Plaintiff appears to argue that the Court's May 6, 2024 order of dismissal is based on a clear error of law that resulted in manifest injustice. Plaintiff seeks reconsideration of the judgment based solely on allegations that the Court engaged in *ex parte* communications with Defendants. (*See* ECF No. 13). In footnote no. 1 of the order of dismissal, the Court cited *Newell v. Mohr*, Case No. 89-3698, 1990 U.S. App. LEXIS 9726 (6th Cir. Jun. 14, 1990)—an appeal from a district court's denial of a habeas petition challenging the Ohio trial court's post-sentencing amendment of Plaintiff's sentences which are at issue in the instant action—to clarify that the trial court ultimately sentenced Plaintiff to a state penitentiary. (*Id.* at PageID #119 n.1). Plaintiff concludes

2

that the Court engaged in *ex parte* communications with counsel for Defendants because *Newell v. Mohr* was not contained in the parties' filings and there was no indication on the docket that the Court was taking judicial notice of that case. (ECF No. 13, PageID #133).

First, the basis offered by Plaintiff for his belief that *ex parte* communications occurred is pure speculation and he provides no further evidence to corroborate his claim. Unfounded assertions and allegations based on nothing more than personal belief are not sufficient to demonstrate that a judicial officer has engaged in inappropriate *ex parte* communications. In this case, not only are Plaintiffs allegations unfounded, they are also false. Second, the clarification/distinction found in footnote no. 1 was never discussed further in the Court's opinion. More importantly, it played no part in the resolution of Plaintiff's claims—as to any claims relating to pre-April 2023 parole hearings dismissed as time-barred or the claims relating to the April 2023 parole hearing dismissed for pleading deficiencies unrelated to the precise nature of Plaintiff's initial sentence. (*See* ECF No. 11, PageID #123–30). Finally, Plaintiff did not address or argue why the reasoning provided by the Court for dismissal of his claims as either time-barred or for failure to state a claim was erroneous. Instead, he merely speculates that the Court's alleged *ex parte* communications negatively affected his claims for relief. (*See* ECF No. 13, PageID #132–33). Accordingly, Plaintiff has failed to demonstrate a clear error of law that affected the dismissal of his claims or that manifest injustice resulted from the final judgment.

### III. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) and his request for a hearing concerning *ex parte* communications.

**IT IS SO ORDERED.**

Date: June 10, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**